JS 44 (Rev 06/17)  NIQA  **CIVIL COVER SHEET**  19-CV-3028

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS

Kariem Thompson

**DEFENDANTS**

Veterans Multi-Service Center, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U S PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question *(U S Government Not a Party)*
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U S C § 201, et seq., 43 P.S. § 333 100, et seq.

Brief description of cause
Unpaid overtime compensation/misclassification

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  7/9/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JUL 11 2019

NIJA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**   **19**   **3028**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1319 Weaver Street, Philadelphia, PA 19150

Address of Defendant: _____ 213-217 N. 4th Street, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: _____ 213-217 N. 4th Street, Philadelphia, PA 19106

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 7/9/19 _____   _____ *Attorney-at-Law / Pro Se Plaintiff*   91262
*Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☑ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
       *(Please specify)* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify)* _____
☐ 7.   Products Liability
☐ 8   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____ Michael Murphy _____, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 7/9/19 _____   _____ *Attorney-at-Law / Pro Se Plaintiff*   91262
*Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

JUL 11 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Kariem Thompson | CIVIL ACTION |
| v. | |
| Veterans Multi-Service Center, Inc. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( x )

| | | |
|---|---|---|
| 7/9/19 | Michael Murphy, Esq. | Kariem Thompson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

JUL 11 2019



# MURPHY LAW GROUP, LLC

*DEDICATED TO PROTECTING EMPLOYEE RIGHTS*

**ATTORNEYS**

MICHAEL MURPHY••
MICHAEL C GROH•••
BENJAMIN SALVINA••
PREEYA BANSAL••
EDMUND C CELIESIUS•
RACHEL R STEVENS••

*•(Admitted in PA)*
*••(Admitted in PA & NJ)*
*•••(Admitted in PA, NJ, & NY)*

July 11, 2019

## Via Hand-Delivery

Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

**Re:    Kariem Thompson v. Veterans Multi-Service Center, Inc.**

Dear Sir/Madam:

Enclosed, for filing with respect to the above-referenced matter, please find an original and two copies of the Plaintiff's Civil Action Complaint, a Civil Cover Sheet, and a check made payable to Clerk, United States District Court, in the amount of $400.00. Please time stamp the extra copy of the Complaint and return to me in the self-addressed envelope I have enclosed. A PDF copy of the Complaint has been saved on the enclosed disc.

If you have any questions, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

*/s/ Michael Murphy, Esq.*
Michael Murphy, Esq.

MM/cl
Enclosures
cc:    Kariem Thompson (via electronic mail)



Eight Penn Ctr , Ste  2000
1628 John F Kennedy Blvd
Philadelphia, PA 19103
T 267 273.1054  F: 215 525 0210
murphy@phillyemploymentlawyer.com
www.phillyemploymentlawyer.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

KARIEM THOMPSON
1319 Weaver Street
Philadelphia, PA 19150

              Plaintiff,

            v.

VETERANS MULTI-SERVICE CENTER, INC.
213-217 N 4th Street
Philadelphia, PA 19106

              Defendants.

------------------------------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL NO. _____

**JURY TRIAL DEMANDED**

## COMPLAINT – CIVIL ACTION

Plaintiff, Kariem Thompson ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Veterans Multi-Service Center, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1.　　Plaintiff brings this Complaint contending that Defendant unlawfully failed to pay him overtime compensation for all hours worked over forty (40) in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

### PARTIES

2.　　Plaintiff Kariem Thompson is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1319 Weaver Street, Philadelphia, PA 19150.

3.　　Defendant Veterans Multi-Service Center, Inc., is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 213-217 N 4th Street, Philadelphia, PA 19106.

4.     The Defendant is a "private employer" and covered by the FLSA.

5.     Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the protections of the FLSA. See 29 U.S.C. § 203(e).

6.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7.     This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims. See 28 U.S.C. § 1367(a).

10.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

11.     Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12.     Plaintiff first began his employment with Defendant in or around March of 2018, in the position of Driver.

2

13.     At all times material hereto, Plaintiff worked out of Defendant's Philadelphia, Pennsylvania location.

14.     Throughout his employment, Plaintiff performed his job well, receiving positive feedback, and no significant discipline.

15.     By way of background, Plaintiff was regularly scheduled to work an eight (8) hour shift, five (5) days per week. In total, Plaintiff was scheduled to work forty (40) hours each week.

16.     As a Driver, Plaintiff took on a number of different responsibilities including driving, transporting donated furniture, and cleaning residences.

17.     Despite being scheduled to work forty (40) hours per work week, Plaintiff was routinely required to work approximately fifty (50) hours per work week.

18.     From March 2018 to March 2019, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

19.     By way of example, during the week of March 4, 2019 through March 8, 2019, Plaintiff worked approximately fifty (50) hours, but did not receive any overtime compensation for the approximately ten (10) hours of overtime work performed.

20.     Notably, Rose McGee ("Ms. McGee"), Manager, instructed Plaintiff to clock-out at 3:30 PM each work day despite Plaintiff continuing to perform compensable work after 3:30 PM. Additionally, in the event Plaintiff did not clock-out at 3:30 PM, Ms. McGee would adjust Plaintiff's clock-out time to reflect 3:30 PM.

21.     Shortly after his hire, Plaintiff complained to Ms. McGee about not being compensated for all hours worked and not being payed overtime compensation.

22.     Then, in or around the beginning of March of 2019, Plaintiff made another complaint to Ms. McGee via text messages regarding Defendant's failure to compensate Plaintiff

3

for all hours worked and not being payed overtime compensation. Shortly thereafter, on or about April 16, 2019, Defendant terminated Plaintiff's employment.

23.     Ms. McGee informed Plaintiff that overtime hours would be utilized as "compensatory time." Defendant's "compensatory time" was to allow Drivers to leave early the next work day after working more than eight (8) hours during a single shift. However, Plaintiff was never permitted to take "compensatory time" on any subsequent days pursuant to working in excess of forty (40) hours each work week.

24.     The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

25.     In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

26.     Plaintiff is non-exempt within the meaning of the FLSA/PMWA as he was compensated from the date of his hire on an hourly basis. Because Plaintiff was paid hourly, he did not qualify for the executive, administrative, and/or learned professional exemptions under the FLSA/PMWA. All require Plaintiff to be paid on a bona fide salary basis or fee basis. See 29 C.F.R. §§ 541.100, 541.200, 541.300.

27.     Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.

28.     Plaintiff did not have the authority to hire, fire, or discipline other employees of Defendant, nor does he make recommendations with respect to employee status changes to which Defendant gives substantial weight.

29.     Accordingly, Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.

4

30.     Plaintiff's primary duty was not the performance of office or non-manual work directly related to Defendant's general business operations. Rather, Plaintiff spent the vast majority of his time driving, bending, lifting, pulling, holding, and carrying donated furniture. Further, Plaintiff primarily performed such work involving repetitive operations with his hands, physical skill and energy, which did not involve the exercise of discretion and independent judgment with respect to matters of significance.

31.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

32.     Additionally, Plaintiff did not perform work requiring advance knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's job duties did not require the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, and mechanical work.

33.     Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

34.     Plaintiff exclusively drove non-commercial vehicles, i.e., vehicles weighing less than ten thousand (10,000) pounds.

35.     Plaintiff was not required to have a commercial driver's license (CDL) in order to perform the role of Driver.

36.     Accordingly, Plaintiff was not exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption. See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015) (holding that when the job duties of an employee otherwise covered by the FLSA affect, in whole or in part, the safe operation of vehicles lighter than 10,000 pounds, the Small Vehicle Exception to the Motor Carrier

Exemption applies and the employee will be entitled to overtime compensation). As such, Plaintiff qualifies for the Small Vehicle Exception to the Motor Carrier Exemption under the FLSA/PMWA.

37.     At all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a work week.

38.     Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and is therefore entitled to overtime compensation for the hours worked over forty (40) in a workweek.

39.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *ET SEQ.***
**FAILURE TO PAY OVERTIME COMPENSATION**

40.     Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41.     Pursuant to Section 206 of the FLSA, all employees must be compensated for every hour worked in a workweek.

42.     Moreover, Section 207(a) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

43.     According to the policies and practices of Defendant, Plaintiff has worked in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per

week in violation of the FLSA. Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour Plaintiff worked in excess of forty (40) hours in a workweek.

44.     The foregoing actions of Defendant and the policies and practices of Defendant violated the FLSA.

45.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

46.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

G.     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333.100, *ET SEQ.*
## FAILURE TO PAY OVERTIME COMPENSATION

47.     Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.104.

49.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.104.

50.     By its actions alleged above, Defendant violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

51.     As a result of Defendant's unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.     An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

8

## COUNT III
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *ET SEQ.*
### RETALIATION

52.    Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.    Plaintiff engaged in protected activity under the FLSA by complaining of Defendant's unlawful business practice regarding unpaid wages and/or unpaid overtime compensation.

54.    Shortly thereafter, Defendant retaliated against Plaintiff by terminating Plaintiff's employment for reasons which are clearly pretextual.

55.    By reason of the foregoing, Defendant, through their agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

56.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

9

      B.     Punitive, liquidated, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for their intentional, negligent, willful, wanton, and/or malicious conduct;

      C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

      D.     Pre-judgment interest in an appropriate amount;

      E.     Such other and further relief as is just and equitable under the circumstances.

      F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: 7/9/19

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

11